IGNACIO ROSALES CUELI ET AL., Plaintiffs and Appellees, v. NICOLÁS M. CARTAGENA ET AL., Defendants and Appellants.

No. 4711. Argued March 14, 1929.—Decided July 12, 1929.

*Hugh R. Francis* and *J. Suárez Garriga* for the appellant. *F. Soto Gras* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Ignacio Rosales, Rufino Ruiz and Francisco Soto Gras, holders of two hundred shares out of four hundred issued by the Nimaca Shoe Factory Co., a corporation organized under the laws of this Island, sued Nicolás Manrique Cartagena, who owned the remaining two hundred shares, and the corporation itself, praying for a judgment decreeing its dissolution and the appointment of a trustee for the liquidation thereof.

Plaintiffs Soto and Ruiz were, respectively, secretary and treasurer of the corporation and defendant Cartagena its president. The complaint, which contains thirty-three paragraphs, describes minutely the difficulties which arose in the management of the corporation, the quarrels among its directors, the losses suffered; in fine a long series of occurrences showing the impossibility of the business continuing under the management of the existing board of directors.

Some preliminary questions having been disposed of, defendant Cartagena on July 30, 1927, filed a motion which literally copied in so far as pertinent reads as follows:

"That he consents to the complaint of the plaintiffs by reason of facts occurring subsequent to the filing of the said complaint.

"Wherefore, the defendant herein prays this Hon. Court to render judgment for plaintiffs without costs against this defendant."

No action was taken on that motion and defendant Cartagena himself on the fifteenth of the following August requested the court to set the case down for hearing. He alleged in his motion:

"I. The calendar fees in the present case have been paid in full and the matter is of a very urgent nature because it is sought to obtain a judgment decreeing the dissolution of defendant corporation, the Nimaca Shoe Factory, Inc., and the appointment of a trustee to liquidate the same.

"II. The parties will only introduce documentary evidence as the material facts are admitted by the defendant herein, and the hearing, therefore, will consume less than fifteen minutes, and the appointment of a trustee is urgently necessary in the present case."

The court thereupon set the case down for hearing on September 17, 1927. Both parties appeared on that day but on motion of the plaintiffs the hearing was postponed.

Time passed and on June 22, 1928, the plaintiffs, relying on the consent motion filed by defendant Cartagena on July 30, 1927, moved for a judgment decreeing the dissolution of the defendant corporation and authorizing the appointment of a liquidating trustee.

On June 23, 1928, the court made an order granting relief as follows:

"THEREFORE, the motion of the parties is granted and it is ordered and decreed:

"First: That the domestic corporation named 'Nimaca Shoe Factory Inc.', is hereby declared dissolved and extinguished by the unanimous consent of its shareholders.

"Second: That, the said shareholders having so moved, a trustee be appointed to take possession of the corporate property, to manage the same, to pay the corporate debts, and to distribute the surplus proceeds among the shareholders.

"Third: That on June 25, 1928, at 11:00 a. m., the parties herein appear personally and submit the names of competent persons to be considered for the appointment of trustee to be made in pursuance of a further order of this court.

"The clerk shall enter judgment in accordance with this order without special pronouncement of costs."

Two days later defendant Cartagena moved to vacate the order of the 23rd and alleged, in short, that what led him to give his consent of record was a certain action of unlawful detainer brought by Soto Gras against the defendant corporation, which action had been settled, and that the motion for judgment had been filed without notice to him. The plaintiffs opposed the motion to vacate and the court overruled it, holding that the said consent was conclusive upon the defendant and implied the unanimous acquiescence of the shareholders to the dissolution sought. Final judgment was accordingly entered on July 19, 1928.

Thereupon defendant Cartagena appealed to this court. In his brief he assigns three errors thus:

"1. In sustaining the complaint, since it does not state facts sufficient to constitute a cause of action.

"2. In denying the motion to vacate filed by the defendant.

"3. In rendering judgment for the plaintiffs."

The argument on the errors could hardly be more incomplete. The following is all that is stated regarding the first assignment:

"If the complaint in the case at bar does not state facts sufficient to constitute a cause of action, then any judgment based on such complaint is improper and should be reversed. The complaint is at first view insufficient. The corporation Nimaca Shoe Factory Co., Inc., is a duly organized corporation and existing under the laws of Porto Rico, which fact appears not only from the record and the motion to vacate but also from the admission of the plaintiffs themselves in calling for a meeting of directors, etc. The only way to dissolve a corporation organized under the laws of Porto Rico is through the proceedings prescribed by the corporation act of 1911 as amended. No group of shareholders can dissolve a corporation by merely alleging a number of grievances, since the statute provides the manner in which the shareholders should proceed for securing a dissolution."

No authority is cited and no further reasoning adduced.

The law under which the Nimaca Shoe Factory, Inc., was organized sets forth rules for the dissolution of corporations

(sections 26 to 33 of the Corporation Act of 1911, Comp. 1911, p. 98 *et seq.*), and it is only logical that such rules should first be complied with before applying to the courts. Here, however, the directors openly broke off relations and it became necessary to apply to the court for settling the conflict.

The jurisprudence on the dissolution of corporations is so abundant that merely a summary thereof fills more than two hundred pages of Volume 14 *a* of Corpus Juris. We have made a cursory examination of such summary and in it we find the following excerpt:

"The right of a minority stockholder to bring suit for dissolution of a corporation does not exist independently of statute, except where a case for equitable relief within the general equitable jurisdiction of the court is made out." 14 *a* Corpus Juris, p. 1141.

As previously stated, the averments of the complaint reveal such a state of things that we are led to the conclusion that it was impossible to follow the procedure prescribed by the statute for a voluntary dissolution. A conflict arose and it became necessary to apply to the court. Until the contrary is shown in a manner more convincing than by the mere assertion or opinion of the appellant, we will hold, for the purposes only of the present case and leaving the matter open for closer study in the future, that the district court acted within its jurisdiction in settling the conflict. The court at least had power to appoint a trustee.

The argument on the other errors assigned is also inadequate. We think that if the lower court had become convinced of the existence of mistake, fraud or surprise on the part of defendant Cartagena in filing his consent motion, the court would have been empowered to vacate its decree of dissolution; but although the language used by the trial court in its order does not allow us to penetrate with complete assurance the reasons for its decision, that decision, however, is supported by the record.

There is nothing to show that the action of defendant Cartagena was due to mistake, fraud or surprise. The vague reference made to "facts occurring subsequent to the filing of the said complaint," is no justification for his acquiescence and then for its withdrawal after the settlement of the action of unlawful detainer, which according to the motion to vacate was "the subsequent fact" which he had in mind. Perhaps the other party agreed to the settlement having that acquiescence in mind and precisely because of it.

Judicial pleadings are not a play but something serious and solemn. They are filed to produce their natural effects and it is only in furtherance of justice and in such cases as are authorized by law that the court may relieve a party from those effects by permitting the issue to be reopened and tried again in accordance with the facts and the law.

What was the effect of the consent motion? Undoubtedly the admission by defendant Cartagena of the facts alleged in the complaint, further admitted by him in his motion for setting the case for hearing, or at least the unequivocal expression of his consent to the judgment sued for; and as with such acquiescence the consent of the stockholders to the dissolution became unanimous, we think that the court was justified in rendering judgment without further hearing.

We have entertained some doubts in the present case, caused by the attitude of the plaintiffs in applying for the postponement of the hearing set for September 17, 1927, and in allowing so much time to elapse without requesting a decision on the consent motion. The only explanation which occurs to us is the absence during that time of Mr. Soto Gras, at once plaintiff and attorney in this suit. That was the ground for the motion for postponement filed by an associate of the said attorney. In any event and in view of the manner in which the appellant has argued the questions involved, we do not feel bound to go further into the matter.

The order and judgment appealed from must be affirmed.